## Case No. 6,127.

HARRIS et al. v. The PROMETHEUS.

[N. Y. Times, March 5, 1857.]

District Court, D. New York.[1] 1857.

DAMAGES BY COLLISION—DEMURRAGE.

[1. The rule of damages in collision for delay while undergoing repairs is the amount the vessel would have produced for chartering in the business in which she has usually been employed.]

[2. There can be no recovery in collision for delays caused by storms, or by ice or obstructions in the harbor or river where a vessel may be, after necessary repairs are made.]

This case came up on exceptions to the report of the commissioner to whom it had been referred to compute the damages which the libelants [John A. Harris and others] were entitled to recover by reason of a collision between the schooner Mechanic and the steamship [Prometheus]. The commissioner, among other items of damage, reported "for what the vessel would have chartered for 76 days, while undergoing repairs, at $27.50 per day, $2,090," to which the claimants excepted.

Beebe, Dean & Donohue, for libelants.
Clark & Rapallo, for claimants.

Before INGERSOLL, District Judge.

HELD BY THE COURT: That the rule in such cases is that the libelant recover for the use of his vessel during the time necessary to make the repairs; and by the use of the vessel is meant what she would produce for chartering her in the business in which she had been usually employed. That if, after the necessary repairs are made, the vessel is further detained and kept from her business, either by storms or other state of the weather, by ice or other obstructions in the harbor or river where she may be, or from any other cause not directly produced by the collision, for such further detention there can be no recovery. That from the evidence in this case it does not appear what number of days was necessary for the repairs. That if the amount allowed per day was what the vessel was worth with a full crew on board, then that amount is too large.

Referred back to commissioner for an additional report.

HARRIS (RIPLEY v.). See Case No. 11,853.

## Case No. 6,128.

HARRIS et al. v. The ROBINSON.

[Cited in The Williams, Case No. 17,710. Nowhere reported; opinion not now accessible.]

HARRIS (SHIRLY v.). See Case No. 12,-798.

HARRIS (UNITED NICKEL CO. v.). See Case No. 14,407.

HARRIS (UNITED STATES v.). See Cases Nos. 15,312–15,315.

## Case No. 6,129.

HARRIS et al. v. WHEELER.

[8 Blatchf. 1;[1] 14 Int. Rev. Rec. 147.]

Circuit Court, S. D. New York. March 19, 1870.

ADMIRALTY—ADVANCES TO VESSEL IN DISTRESS—REPORT OF COMMISSIONER—OBJECTION TO, ON APPEAL.

In a suit in admiralty, in personam, for alleged advances to the respondent's vessel in a port of distress, the district court, before making a decree establishing the libellant's right to recover, and before any hearing of the cause, made an order, referring it to a commissioner to ascertain and report the amount due to the libellant. He reported such amount and the proofs he had taken. No objection was taken by the respondent, before the commissioner, to the allowance made, no exceptions were filed in the district court to his report, and it did not appear that any objection was made in that court to such allowance: Held, that the respondent could not, on appeal, object to items of allowance, in respect to which it did not appear that objections had been raised in the district court.

[See note at end of case.]

[Appeal from the district court of the United States for the Southern district of New York.

[This was a libel by George Harris and others against Samuel G. Wheeler, Jr., to recover for supplies furnished to the steamer Eutaw.]

Charles Donohue, for libellants.
Lyman B. Bunnell, for respondent.

WOODRUFF, Circuit Judge. The only objection to the decree of the district court, which was suggested on the hearing of this appeal, is, that the commissioner by whom proofs of the amount due the libellants were taken and reported, erroneously allowed to the libellants commissions on advances made for supplies and repairs to the respondent's vessel, and commissions upon the value of her cargo, as compensation for services, care, and responsibility in superintending the removal of her cargo, and the preservation and relading thereof after the repairs were made. No proofs were taken in the district court, and the proceedings before the commissioner appear to have been intended and conducted as preparatory to a hearing of the cause, and before any decree establishing the libellants' right to recover. No objection appears to have been taken to the said commissions before the commissioner, and no exceptions were filed to his report, nor, so far as appears from the transcript of the proceedings, was any objection made in the district court to the allowance of the items now objected to.